'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>  v.<br><br>RAYMOND SHRYOCK,<br><br>        Defendant. | CR 95-345-RSWL-16<br><br>**ORDER re: MOTION FOR COMPASSIONATE RELEASE**<br><br>[10568] |

    Currently before the Court is Defendant Raymond Shryock's ("Defendant") Motion for Compassionate Release or Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act (the "Motion").

    Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Defendant's Motion for Compassionate

1

Release.

## I. BACKGROUND

### A. Factual & Procedural Background

On May 30, 1997, Defendant was convicted on a variety of racketeering, conspiracy, drug trafficking, and other violent charges relating to his participation in or involvement with the Mexican Mafia (known also as "La Eme"). First Superseding Indictment, ECF No. 360; J. & Commitment, ECF No. 1827. The Court sentenced Defendant to life imprisonment. J. & Commitment. Defendant appealed the conviction and sentence, and the Ninth Circuit affirmed. United States v. Shryock, 342 F.3d 948, 991 (9th Cir. 2003). Defendant is currently serving his sentence at United States Penitentiary Victorville in Victorville, California. Mot. for Compassionate Release ("Mot.") 2, ECF No. 10568.

On November 9, 2005, the Court denied [2159] Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Later, the Court denied Defendant's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act [10509] on October 5, 2020. Now, Defendant has filed another Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act on December 2, 2022 [10574]. The Government opposed [10574] the Motion on January 5, 2023, and Defendant replied [10589] on February 27, 2023.

## II.  DISCUSSION

**A.  Legal Standard**

    The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, was enacted in 2018 and permits a defendant to directly petition the district court for a sentence reduction under the compassionate release statute. See 18 U.S.C. § 3582(c)(1).  18 U.S.C. § 3582(c)(1) establishes a three-step process for courts to evaluate a defendant's request for compassionate release.  A defendant must establish each of the three prongs by a preponderance of the evidence.  See United States v. Resnik, No. CR 16-201 PA, 2020 WL 6803250, at *2 (C.D. Cal. Oct. 13, 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

    First, a defendant must exhaust administrative remedies either by "exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or by waiting until thirty days have lapsed "from the receipt of such request by the warden of the defendant's facility" to reduce the term of imprisonment.  18 U.S.C. § 3582(c)(1).  Second, the district court evaluates whether "extraordinary and compelling reasons warrant such a reduction" and whether such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." Id.  Third, the court considers the sentencing factors outlined in "section 3553(a) to the extent that they are applicable." Id.

**B. <u>Analysis</u>**

    1. <u>Exhaustion of Administrative Remedies</u>

The Government does not dispute that Defendant has exhausted his administrative obligations under 18 U.S.C. § 3582(c). <u>See</u> Gov't Opp'n to Def.'s Mot. to Reduce Sentence ("Opp'n") 8:24-28, ECF No. 10574. Warden Lammer denied Defendant's release request on December 5, 2022, and this Motion was filed on December 2, 2022. <u>See</u> Opp'n, Ex. 2. Defendant has therefore satisfied his obligation to exhaust administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A) (permitting a court to modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden").

    2. <u>18 U.S.C. § 3582(c)</u>

18 U.S.C. § 3582(c)(1) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons" and only if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." Congress has not expressly defined "extraordinary and compelling reasons" other than to provide that "[r]ehabilitation . . . alone" is insufficient. 18 U.S.C. § 994(t). Instead, Congress directed the Sentencing Commission to define the term.

    The applicable policy statement, stated in

4

Section 1B1.13 of the United States Sentencing Guidelines ("U.S.S.G."), provides the following:

> [T]he court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
> (1) (A) Extraordinary and compelling reasons warrant the reduction . . . ;
> (2) The defendant is not a danger to the safety of any other persons or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

  a. <u>Extraordinary and Compelling Reasons</u>

According to the Sentencing Commission's policy statement,[1] "extraordinary and compelling reasons" warranting compassionate release may include a defendant's medical conditions, age and other related

---

[1] Courts are split as to whether the Sentencing Commission's policy statement is applicable. See <u>United States v. Jones</u>, No. 94-cr-20079-EJD-1, 2020 WL 5359636, at *5 (N.D. Cal. Aug. 27, 2020) (discussing that some courts have found the policy statement outdated, while others have found its terms to be binding). The Court need not, however, determine whether it is bound by the policy statement at this juncture. Even if the Court were permitted to consider circumstances beyond those detailed in the policy statement, the Court does not find extraordinary and compelling reasons here beyond those delineated in the policy statement. Moreover, Defendant's Motion fails for the independent reason that, as discussed below, release would be inconsistent with the Section 3553(a) factors.

5

factors, family circumstances, or "other reasons." United States v. Habash, No. 1:15-cr-00286-DAD-BAM, 2020 WL 6381586, at *4 (E.D. Cal. Oct. 30, 2020) (quoting U.S.S.G. § 1B1.13, cmt n.1 (A)-(D)). A defendant seeking compassionate release based on a medical condition must show that he suffers from a serious condition or impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt n.1 (A).

Several courts have held that defendants' medical conditions warrant compassionate release in light of the COVID-19 pandemic. See, e.g., United States v. Rodriguez, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020) (granting a motion for compassionate release based on the defendant's underlying health conditions, the COVID-19 pandemic, and the defendant's temporal proximity to his release date); United States v. Aburto, No. 18-cr-1975-GPC, 2020 WL 6802184, at *5 (S.D. Cal. Aug. 25, 2020) (granting the defendant's motion for compassionate release "[i]n light of the heightened medical risk the COVID-19 pandemic poses to [defendant] in particular"). But release must be based on a defendant's particular susceptibility to COVID-19, not the generalized risks associated with the pandemic. See Resnik, 2020 WL 6803250, at *3 (noting that "general concern [about possible exposure to COVID-19] is shared by the public

1  at large, as well as all incarcerated individuals"); see
2  also United States v. Raia, 954 F.3d 594, 597 (3d Cir.
3  2020) ("[T]he possibility that [COVID-19] may spread to
4  a particular prison alone cannot independently justify
5  compassionate release . . . ."); United States v.
6  Eberhart, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020)
7  (stating that "[g]eneral concerns about possible
8  exposure to COVID-19 do not meet the criteria for
9  extraordinary and compelling reasons[.]").
10      Here, Defendant argues that he is especially
11 vulnerable to COVID-19 based on his age and his medical
12 conditions, which include atrial fibrillation and
13 hepatitis C.  Mot. 5.  The Centers for Disease Control
14 and Prevention (the "CDC") has not identified these
15 conditions as potential risk factors for COVID-19.  See
16 Underlying Medical Conditions Associated with Higher
17 Risk for Severe COVID-19: Information for Healthcare
18 Professionals, CDC (Feb. 9, 2023),
19 https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-
20 care/underlyingconditions.html.  Moreover, the medical
21 records provided by the Government show that Defendant's
22 atrial fibrillation is "[c]urrently resolved" as of
23 2022.  Sealed Exs. in Supp. of Opp'n 43 ("Sealed Exs."),
24 ECF No. 10580.  Plaintiff reports that he has "been
25 diagnosed with Hepatitis C[,] but as of this date the
26 B.O.P. has done nothing to get any treatments started
27 for [Defendant]."  Mot. 5.  Yet Plaintiff's medical
28 records indicate that he "refused treatment" for his

7

1  hepatitis C and/or resulting conditions, and even signed
2  a refusal form on August 31, 2018.  Sealed Exs. 52.
3       Defendant further contends that the conditions at
4  Victorville warrant finding that Defendant is at "higher
5  risk of becoming seriously ill if infected by COVID-19."
6  Mot. 8.  To support this contention, Defendant points
7  out that "in just 111 days the active COVID-19 virus
8  cases at FCI Victorville went from 0 to 113." Id. at 9.
9  These numbers contrast with those of other facilities
10 that were the subject of successful motions for
11 compassionate release.  See, e.g., United States v.
12 Arceo, No. 5:09-cr-00616-EJD-1, 2020 WL 4001339, at *2
13 (N.D. Cal. July 15, 2020) (granting a motion for
14 compassionate release for a defendant housed in a
15 facility with "almost a thousand confirmed coronavirus
16 cases"); United States v. Yellin, No. 3:15-cr-3181-BTM-
17 1, 2020 WL 3488738, at *3 (S.D. Cal. June 26, 2020)
18 (granting the defendant's motion for compassionate
19 release where the prison facility had 681 confirmed
20 coronavirus cases and ten deaths).
21      Although district courts have granted compassionate
22 release to individuals in facilities without COVID-19
23 outbreaks, those cases concerned defendants with serious
24 medical conditions that made the defendants particularly
25 vulnerable to COVID-19.  See, e.g., United States v.
26 Heffington, 2020 WL 4476485, at *6 (E.D. Cal. Aug. 4,
27 2020) (granting a motion for compassionate release where
28 the defendant "suffers from at least four . . . separate

medical conditions that, along with his advanced age, place him at a substantially higher risk"); United States v. Tate, No. 17-cr-30037, 2020 WL 3791467, at *4 (C.D. Ill. July 7, 2020) (granting a motion for compassionate release for a defendant with "two underlying medical conditions that place her at greater risk and three conditions that may increase her risk of serious illness or death from COVID-19").  As discussed above, that is not the situation here.

    b. Danger to the Community

 In addition, Section 1B1.13 of the U.S.S.G. permits release only where "[t]he defendant is not a danger to the safety of any other person or to the community." Defendant contends that he is "not a danger to the community" and that "recidivism of offenders on federal community supervision" at his age, 71 years old, is "very unlikely."  Mot. 13, 19.  Regardless of Defendant's claim, the danger that he poses to the community is not necessarily "that he will personally engage in acts of violence, but that he can command others to do so." United States v. Gotti, 433 F. Supp. 3d 613, 620 (S.D.N.Y. 2020).  There is also no evidence that Defendant has renounced his association with La Eme.  The Court cannot conclude that Defendant is not a danger to the community.

  3. Section 3553(a) Factors

 Even assuming that Defendant had established extraordinary and compelling reasons justifying release

9

under Section 3582, release would be inconsistent with the Section 3553(a) factors. Defendant was convicted of, among other things, violent crimes to maintain or increase his position in La Eme. This Court sentenced him to life imprisonment, which the Ninth Circuit affirmed. Shryock, 342 F.3d at 989-90. Given the severity of Defendant's crimes and the Defendant's sentence, release would undermine the need to "promote respect for the law," "to provide just punishment for the offense," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a).

### III. CONCLUSION

Defendant has failed to show extraordinary and compelling reasons warranting a sentence reduction. He has also failed to show that a sentence reduction would be consistent with the Section 3553(a) factors. For those reasons, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**

DATED: May 12, 2023        /S/ RONALD S.W. LEW
                           **HONORABLE RONALD S.W. LEW**
                           Senior U.S. District Judge